# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| LEE POH SUN, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> DREAMDEALERS USA, LLC, *et al.*, <br><br> Defendants. | Member Case: 2:13–cv–1605–JCM–VCF <br><br> **REPORT & RECOMMENDATION** |
| DREAMDEALERS USA, LLC, <br><br> Plaintiff, <br> vs. <br><br> LEE POH SUN, *et al.*, <br><br> Defendants. | Lead Case: 2:13–cv–373–JCM–VCF |

This matter involves Lee Poh Sun's (a/k/a "James Lee") negligence action, No. 13–cv–1605, against Dreamdealers, which rents exotic sports cars at the Las Vegas Motor Speedway. Before the court is Dreamdealers' motion to dismiss (#10[1]). Lee opposed (#14) and Dreamdealers' replied (#20). For the reasons stated below, the court recommends (1) converting Dreamdealers' motion to dismiss into a motion for summary judgment and (2) denying Dreamdealers' motion for summary judgment.

## BACKGROUND[2]

In the fall of 2012, James Lee and his wife, Tan Siok Yin, left Singapore to vacation in Las Vegas. (Compl. (#1) Exhibit A at ¶¶ 1, 5). Before leaving, the couple decided they wanted to drive high

---

[1] Parenthetical citations refer to the court's docket.

[2] These facts are stated for background purposes and do not constitute binding findings of fact. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").

1

performance vehicles at high speeds while vacationing. (*See* Lee Decl. (#14-2) at ¶ 3). Lee found Dreamdealers USA online. (*Id.*) Dreamdealers advertises that it rents exotic cars—like Ferraris, Lamborghinis, Porsches, McLarens and Aston Martins—at the Las Vegas Motor Speedway where customers can race through a 1.2 mile, seven turn, closed-course racetrack that permits top speeds of 130 miles per hour. (Compl. (#1) Exhibit A at ¶¶ 2, 6). Customers drive, but are accompanied by a professional driver. (*Id.* at ¶ 7). Enticed by the opportunity, Lee booked a non-refundable "driving experience" for approximately $3,000.00. (Lee Decl. (#14-2) at ¶¶ 3–4).

Two weeks later, Lee and his wife arrived in Las Vegas and drove to the speedway for their "driving experience." (*Id.* at ¶ 5). They approached the speedway's entrance and got in the back of a line. (*Id.* at ¶ 6). After waiting for a short while, they reached the front where an employee presented the couple with a piece of paper. (*Id.*) He pointed to a blank line and requested Lee's signature. (*Id.*) Thinking that the document was a sign-in sheet, Lee took "three to five seconds" to add his signature and driver's license number to a page that which now contained a long list of customer signatures. (*Id.* at ¶¶ 6–7, 11).

After signing the sheet, Lee's driving experience began. He was paired with Brandon Grade, a professional driving instructor, who rode with Lee as he drove several vehicles around the speedway. (Compl. (#1) Exhibit A at ¶¶ 7–8). Soon, there was just one car left for Lee to drive: a 2012 Ferrari 458 Italia Berlinetta. (*Id.* at ¶ 7). The pair entered the Ferrari. Lee took the driver's seat; and Grade took shotgun. (*Id.* at ¶ 10). Lee started the engine, accelerated towards the track's first turn and sped onto the second turn. (*Id.*)

As the turn approached, Lee hit the brakes. (*Id.*) But, the brakes failed. (*Id.*) Fortunately, the 2012 Ferrari 458 Italia Berlinetta was also equipped with a passenger-side brake pedal. (*Id.* at ¶ 9).

Grade hit the brakes. (*Id.* at ¶ 11). But, the brakes failed again. (*Id.*) The wall drew closer. Lee crashed. (*Id.*) He was severely injured. (*Id.* at ¶¶ 93–94).

On August 8, 2013, Lee and his wife commenced a negligence action against Dreamdealers and Grade. (*Id.*) On September 16, 2013, Dreamdealers filed the instant motion to dismiss, arguing that Lee's claims are barred by a "Release and Waiver of Liability, Assumption of the Risk and Indemnity Agreement." (Pl.'s Mot. to Dismiss (#8) at 3). In response, Lee argues that the release—which was not previously disclosed—is voidable because the "release" is really the sign in sheet. (Pl.'s Opp'n (#14) at 2:25–25); (Lee Decl. (#14-2) at ¶¶ 11, 14–15).

## DISCUSSION

Dreamdealers' motion presents two questions: (1) whether the court should convert Dreamdealers' motion to dismiss into a motion for summary judgment; and (2) whether Dreamdealers' Release and Waiver of Liability, Assumption of the Risk and Indemnity Agreement bars Lees' claims. Both are discussed below.

### I. Whether the Court should Convert Dreamdealers' Motion to Dismiss into a Motion for Summary Judgment

The court must first decide whether it should consider "matters outside the pleadings" and convert Dreamdealers' motion to dismiss into a motion for summary judgment. Federal Rule of Civil Procedure 12(d) governs the court's consideration of matters outside the pleadings. It provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." FED. R. CIV. P. 12(d). The court's decision to exclude extraneous matter is discretionary. *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997); 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 1366 at 159 (3d ed. 2004) ("[F]ederal courts have complete discretion").

3

When applying Rule 12(d), the court engages in a two-step inquiry. First, the court must determine whether the extraneous material is considered "matters outside the pleadings." Briefs, oral arguments in connection with the motion, exhibits attached to the pleading, matters of which the court may take judicial notice, and "items of unquestioned authenticity that are referred to in the challenged pleading and are 'central' or 'integral' to the pleader's claim for relief" do not require conversion. WRIGHT & MILLER, *supra*, § 1366 at 183–86; *see also Stone v. Writer's Guild of Am. West Inc.*, 101 F.3d 1312, 1313–14 (9th Cir. 1996) (permitting consideration of a collective bargaining agreement). By contrast, affidavits and declarations, among other things, do require conversion. *Id.* at 180; *Pendleton v. Housewright*, 651 F. Supp. 631, 633 (D. Nev. 1986) (citing *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982)).

Second, the court must decide whether to exclude the extraneous matter or convert the motion to dismiss into a motion for summary judgment. In general, the court's discretionary decisions are governed by Federal Rule of Civil Procedure 1. Rule 1 provides that courts should construe and administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. When deciding to convert a motion under Rule 12(d), "[t]he central question is whether the proffered materials and additional procedures required by Rule 56 will facilitate disposition of the action or whether the court can base its decision upon the face of the pleadings." *Collins v. Palczewski*, 841 F. Supp. 333, 335 (D. Nev. 1993) (Reed, J.); WRIGHT & MILLER, *supra*, § 1366 at 165.

The parties have presented two categories of documents that are extraneous to the pleadings: (1) Dreamdealers' Release and Waiver of Liability Assumption of the Risk and Indemnity Agreement and (2) various affidavits and declarations. Under Rule 12(d), the court may consider Dreamdealers' release without converting the motion because the release is an "item[] of unquestioned authenticity that

4

[is] referred to in the challenged pleading and are 'central' or 'integral' to the pleader's claim for relief." WRIGHT & MILLER, *supra*, § 1366 at 183–86. The Ninth Circuit has held that this exception to Rule 12(d) includes contracts. *Stone*, 101 F.3d at 1313–14 (permitting consideration of a collective bargaining agreement on a motion to dismiss, even though it was not part of the complaint, because it was referred to in the complaint and its authenticity was not questioned); *accord Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). However, as discussed above, consideration of the second category of documents—the parties' affidavits and declarations—does require conversion, if not excluded. *Pendleton*, 651 F. Supp. at 633; *Townsend*, 667 F.2d at 849.

Here, the court exercises its discretion in favor of converting Dreamdealers' motion into a motion for summary judgment. If the court excludes the affidavits, it will only consider the brief, Lee's complaint, and Dreamdealers' release and waiver of liability. Examining these documents in isolation creates the likelihood that Lee's complaint will be dismissed because the release bars the exact claims that Lee asserts, *see Russ v. Gen. Motors Corp.*, 111 Nev. 1431, 1435–36, 906 P.2d 718, 720–21 (1995) (per curiam), and the complaint does not contain material facts that are included in Lee's affidavit. Accordingly, deciding Dreamdealers' motion under Rule 12(b)(6) risks disposing of Lee's action on a pleading technicality, rather than the merits.

However, if the court converts Dreamdealers' motion, then the court may consider all material facts and formulate a recommendation that is based on the merits of the parties' positions. Three legal principles favor this option. Rule 1 favors this option because it serves justice. *See* FED. R. CIV. P. 1. The policies underlying Rule 12(d) favor this option because it facilitates the proper disposition of the action. *Collins*, 841 F. Supp. at 335. The federal court's underlying policy of deciding actions on the merits also favors this option. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) ("Cases should be decided upon their merits whenever reasonably possible.").

5

Therefore, the court recommends converting Dreamdealers' motion to dismiss into a motion for summary judgment.[3]

## II. **Whether Dreamdealers is Entitled to Summary Judgment**

Dreamdealers' motion presents a second question: whether Dreamdealers' Release and Waiver of Liability, Assumption of the Risk and Indemnity Agreement bars Lees' claims. Before examining the merits of Dreamdealers' motion, the court begins its analysis by reviewing the governing legal standard.

### A. *Legal Standard*

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56(a) provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Material facts" are facts that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 249 (citing 10A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2725, pp. 93–95 (1983)). A dispute regarding material facts is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The primary difference between a 12(b)(6) motion to dismiss and a motion for summary judgment is that the former is theoretical and the latter is factual. Motions to dismiss focus on the pleadings' allegations, and examine whether the plaintiff has shown that he could be entitled to relief.

---

[3] Before converting a motion to dismiss into a motion for summary judgment, the court must ensure that the parties have a "reasonable opportunity to present all material . . . pertinent to such a motion." FED. R. CIV. P. 12(d). That opportunity has been afforded here. Dreamdealers' underlying motion recognized that it would possibly trigger conversion. (*See* Def.'s Mot. to Dismiss (#8) at 2:26–8) ("In the alternative, Defendants move for summary judgment and disposal pursuant to F.R.C.P. 56 in conjunction with F.R.C.P. 12(d)."). Lee responded by proffering matters outside the pleadings. (*See, e.g*., Lee Decl. #14-2). Additionally, under 28 U.S.C. § 636 and Local Rule IB 3-2, the parties have fourteen days from the date of this order to file objections proffer additional material.

*See, e.g.*, *Iqbal*, 556 U.S. at 678. By contrast, motions for summary judgment focus on the evidence (i.e., "material facts"), and consider whether the moving party is entitled to relief. *See, e.g.*, FED. R. CIV. P. 56(c)(1)(B), (e).

At summary judgment, the court's role is not to weigh the evidence, make credibility determinations, or determine the truth. *See Anderson*, 477 U.S. at 249, 255. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. The purpose of summary judgment is (1) "to isolate and dispose of factually unsupported claims," and (2) to determine whether a case "is so one-sided that one party must prevail as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Anderson*, 477 U.S. at 252.

If the moving party meets its initial burden, the burden shifts to the opposing party to set forth "specific facts showing that there is a genuine issue for trial." *F.T.C. v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009) (citation omitted). "[B]ald assertions of a mere scintilla of evidence" are insufficient. *Id*. at 929 (citation omitted). The party opposing summary judgment party must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

**B.**     ***Dreamdealers' Motion for Summary Judgment Should be Denied on Two Grounds***

The court recommends denying Dreamdealers motion for summary judgment on two grounds. First, Dreamdealers' motion should be denied under Rule 56(d). Second, Dreamdealers' motion should be denied because the current record contains a genuine dispute of material fact. Both reasons are discussed below.

1.     Denial under Rule 56(d)

First, Dreamdealers' motion should be denied under Rule 56(d). Rule 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential

7

to justify its opposition, the court may [. . .] defer considering the motion or deny it." FED. R. CIV. P. 56(d). As clarified by the Ninth Circuit, "[s]ummary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (citing FED. R. CIV. P. 56(d)).

Here, Lee argues that Dreamdealers' motion for summary judgment should be denied because the release—which forms the basis of Dreamdealers' motion—was not disclosed to Lee before Dreamdealers' motion was filed. (Pl.'s Opp'n (#14) at 2:25–25). This argument is supported by an affidavit, stating, *inter alia*, that "no discovery has commenced, and no witnesses have been deposed." (Kendelee Decl. (#14-1) at ¶ 6). This argument prevails. As discussed below, the discovery requested concerns a dispositive question of fact: whether Lee intentionally relinquished a known right or was misled when he added his signature to the release form on November 4, 2012.

Therefore, the court recommends denying Dreamdealers' motion for summary judgment under Rule 56(d).

### 2. A Genuine Dispute of Material Fact Exists

Second, the court also recommends denying Dreamdealers' motion for summary judgment because a genuine dispute of material fact exists. Dreamdealers' motion for summary judgment rests on one argument: Lee's claims are bared by the release and waiver of liability. (*See* Def.'s Mot. to Dismiss (#8) at 6:26, 8:14). In response, Lee argues that the release was presented as an attendance sheet and, therefore, does not bar his claims. (*See* Pl.'s Opp'n (#14) at 4:13, 6:4). This conflict presents a genuine dispute of material fact.

In Nevada, "a waiver is the intentional relinquishment of a known right." *Mahban v. MGM Grand Hotels, Inc.*, 100 Nev. 593, 596, 691 P.2d 421, 423 (1984) (citation omitted). A waiver may be implied from conduct which evidences an intention to waive a right, or by conduct which is inconsistent

with any other intention than to waive the right. *Id.* (citing *Lindley & Co. v. Piggly Wiggly*, 55 Nev. 458, 39 P.2d 903 (1935)). However, whether there has been a waiver is a question for the trier of fact. *Id.* (citing *Bowman v. Webster*, 44 Wash. 2d 667, 269 P.2d 960 (1954)). Additionally, it is hornbook law that fraudulent inducement vitiates waivers. *See* RESTATEMENT (SECOND) OF CONTRACTS §§ 164, 167 (1979); 12 S. WILLISTON, A TREATISE ON THE LAW OF CONTRACTS § 1488 (3d ed. 1970).

Here, a genuine issue of material fact exists. Dreamdealers argues that Lee's waiver was knowing, voluntary, and not fraudulently induced. (*See* Def.'s Reply (#20) at 4:9–28; 8–11). By contrast, Lee argues that the wavier was presented as an attendance sheet and, as a result, that his waiver was not knowing or voluntary. (*See* Pl.'s Opp'n (#14) at 4:13, 6:4); (Lee Decl. (#14-2) at ¶¶ 6–11).

This dispute is genuine and material. Dreamdealers will prevail if its version of the facts prove true. *See, e.g.*, *Russ*, 111 Nev. at 1435–36, 906 P.2d at 720–21. Similarly, Lee will prevail if his version of the facts prove true. *See* RESTATEMENT (SECOND) OF CONTRACTS §§ 164, 167 (1979). Therefore, the court recommends denying Dreamdealers' motion for summary judgment because the record contains a genuine dispute of material fact.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Dreamdealers' motion to dismiss (#8) in No. 13–cv–1605 be CONVERTED into a motion for summary judgment.

IT IS FURTHER RECOMMENDED that Dreamdealers' motion for summary judgment (#8) in No. 13–cv–1605 be DENIED.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

9

IT IS SO RECOMMENDED.

DATED this 20th day of March, 2014.

 

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE