1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DREAMDEALERS USA, LLC dba EXOTICS RACING, | 2:13-CV-1605 JCM (VCF) |
| Plaintiff(s), | |
| v. | |
| LEE POH SUN aka JAMES LEE POH SUN, | |
| Defendant(s). | |

**ORDER**

Presently before the court is a motion to dismiss from plaintiff Dreamdealers USA, LLC d/b/a Exotics Racing ("Dreamdealers") and third-party defendant Brandon Grade ("Grade"). (Doc. #20). The motion seeks dismissal of counterclaims raised by defendant Lee Poh Sun aka James Lee Poh Sun ("Lee"). Lee has filed an opposition (doc. #24), to which Dreamdealers and Grade have replied (doc #26).

**I.    Background**

This case arises from an incident at the Las Vegas Speedway. Dreamdealers allows customers to rent exotic cars and drive them around the speedway as part of a high-speed racing experience.

Lee decided to take part in the racing experience and drove several of Dreamdealers' exotic cars. While driving the cars, Lee was paired up with an employee of Dreamdealers, Grade. While

**James C. Mahan**
**U.S. District Judge**

driving a Lamborghini, Lee crashed into a wall, causing damage to himself and the car.

In March, 2013, Dreamdealers initiated the instant action in order to recover damages resulting from the loss of property caused by the car accident. Due to the requirements associated with serving foreign citizens[1], Plaintiff was unable to serve Lee until January, 2014.

In August, 2013, before being served by Dreamdealers, Lee sued Dreamdealers in state court (case no. A-13-686729-C). In September, 2013, Dreamdealers removed the lawsuit to the United States District Court, District of Nevada (case no. 2:13-cv-01605-MMD-NJK).

On March, 11, 2013, the two lawsuits between these parties were consolidated.

In Lee's answer to the complaint from Dreamdealers and Grade (doc. #14), Lee raised 13 counterclaims which Dreamdealers and Grade ask this court to dismiss.

**II.    Discussion**

**A. Standard of Review**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

---

[1] Lee is a resident of Singapore.

1    allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's

2    complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

3    liable for the alleged misconduct. *Id*. at 1949.

4          Where the complaint does not permit the court to infer more than the mere possibility of

5    misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.

6    (internal quotations omitted). When the allegations in a complaint have not crossed the line from

7    conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

8          **B. Analysis**

9          *Claims 1-6 and 12-13*[2]

10         The instant motion seeks dismissal of claims 1-6 and 12-13 because the counterclaims were

11   duplicative of the claims that were brought by Lee in case no. 2:13-cv-01605-MMD-NJK.  Since the

12   filing of this motion, the two lawsuits have been consolidated.

13         The parties argue whether or not the consolidation of the cases merge the duplicative claims

14   or if the court needs to dismiss one of the sets of duplicative claims.

15         "[C]onsolidation is permitted as a matter of convenience and economy in administration, but

16   does not merge the suits into a single cause . . ." *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97

17   (1933).  As the claims do not automatically merge together, this court dismisses one set of the

18   duplicative claims.  One iteration of claims 1-6 and 12-13 remains.

19         *Claim 7: Respondeat Superior*

20         The parties agree that claim 7 should be dismissed.  (Doc. #24 at 4).  Respondeat superior

21   is not an independent cause of action, it is simply a theory of attributing liability.  *Fernandez v.*

22   *Penske Truck Leasing Co., L.P.*, 2012 WL 1832571 at * 6 n.1 (D. Nev. May 18, 2012).  Accordingly,

23   claim 7 is dismissed with prejudice.

24   . . .

25   . . .

26   _____

27         [2] These claims are 1) negligence; 2) negligence per se; 3) res ipsa loquitur; 4) negligent hiring, supervision
     and/or retention; 5) negligent entrustment of a vehicle; 6) ultrahazardous/inherently/abnormally dangerous activities; 12)

28   punitive/exemplary damages; 13) breach of the covenant of good faith and fair dealing.

**James C. Mahan**
**U.S. District Judge**

1    *Claims 8 - 9: Misrepresentation*

2        Dreamdealers argues that Lee has failed to adequately plead allegations of intentional and

3    negligent misrepresentation because such allegations must be made with heightened particularity as

4    required by Fed. R. Civ. P. 9(b).

5        Lee responds that allegations of misrepresentation sound of negligence rather than fraud, and

6    thus do not need to be made with particularity.  The court disagrees.

7        "Misrepresentation is a form of fraud where a false representation is relied upon in fact."

8    *Larson v. Homecomings Fin., LLC*, 680 F.Supp. 2d 1230, 1234 (D. Nev. 2009); *see also Kennedy*

9    *v. Carriage Cemetery Servs.*, 727 F.Supp. 2d 925, 931-32 (D. Nev. 2010).  Accordingly, Rule 9(b)

10   applies.

11       Alternatively, Lee argues that the allegations do meet 9(b)'s requirements.  He is incorrect.

12   Pleading fraud with particularity requires "an account of the time, place, and specific content of the

13   false representations, as well as the identities of the parties to the misrepresentations." *Larson,* 680

14   F.Supp. at1234 (D. Nev. 2009) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

15       Lee alleges the day that the misrepresentations were made and the place that they were made,

16   but he fails to allege the specific content of the false representations.  Lee simply alleges that

17   Dreamdealers "represented" that insurance was provided.  Further, Lee fails to allege who from

18   Dreamdealers made the misrepresentations.

19       Because Lee's intentional and negligent misrepresentation claims do not allege facts with

20   particularity as required by Fed. R. Civ. P. 9(b), these claims are dismissed without prejudice.

21   *Claim 10: Contribution*

22        This claim survives the motion to dismiss.  Dreamdealers and Grade argue that the

23   contribution claim must be dismissed if the rest of the counterclaim is dismissed.  This is not the

24   case. Because there are claims against Lee which could lead to a judgment against him, these claims

25   are appropriate.

26       The Supreme Court of Nevada has recognized that a third-party plaintiff has the right to seek

27   contribution in an original action prior to entry of judgment.  *Pack v. LaTourette*, 277 P.3d 1246,

28

**James C. Mahan**
**U.S. District Judge**

1249 (Nev. 2012).

*Claim 11: Indemnity*

The Nevada Supreme Court has held that "a cause of action for indemnity. . . accrues when payment has been made." *Rodriguez v. Primadonna Co., LLC*, 125 Nev. 578, 590 (Nev. 2009).  As there has been no judgment against Lee, no payment has yet been made, and the cause of action is not available.  Accordingly, claim 11 is dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Dreamdealers' motion to dismiss (doc. # 20), and the same hereby, is GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED August 1, 2014.

_____
**UNITED STATES DISTRICT JUDGE**